IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

YUAN K. CHOU                          )
and SIUKEE TONG,                      )
                                      )
          Plaintiffs,                 )     TC-MD 120139D
                                      )
     v.                               )
                                      )
MULTNOMAH COUNTY ASSESSOR,            )
                                      )
          Defendant.                  )     **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

May 1, 2012, requesting that Plaintiffs' Complaint be dismissed.  A case management

conference was held on May 17, 2012, which resulted in an agreement by Plaintiff to submit a

response to Defendant's Motion by June 18, 2012, and Defendant to submit its reply to

Plaintiffs' response no later than July 3, 2012.  The various deadlines were memorialized in a

Journal Entry dated May 18, 2012.  Plaintiffs filed a response to Defendant's Motion on June 4,

2012.  As of this date, Defendant has not submitted a reply to Plaintiffs' response.

Plaintiffs filed their Complaint on March 26, 2012, appealing the real market value of

property identified as R124143 for the 2010-11 tax year.  In its Motion, Defendant requests

dismissal of Plaintiffs' Complaint, stating that Plaintiffs failed to first appeal to the Board of

Property Tax Appeals (BOPTA) under ORS 309.100[1] as required under ORS 305.275(3) prior to

appealing to the court, and, furthermore, that the court lacks jurisdiction under ORS 305.288(3).

(Def's Mot at 1.)

The Oregon Legislature has enacted laws that guide taxpayers challenging the real market

value assigned to their properties.  The first step in the appeal process is to file a petition with the

---

[1] In its Motion, Defendant references ORS 309.026, a statute describing BOPTA but not the appeal process.

local county BOPTA. *See* ORS 309.100.[2] In limited circumstances, the court can consider an appeal to reduce real market value even though a taxpayer fails to follow the statutorily prescribed process. Under ORS 305.288, the court can reduce the value of the property if, for the tax year in dispute, there is either (1) an allegation of an error in value of at least 20 percent and it is attributable to property that was used "primarily as a dwelling," or (2) "good and sufficient cause" for the taxpayer's failure to follow the prescribed appeal process.

The first exception is not applicable to vacant or uninhabited land. *See Harty v. Deschutes County Assessor* (*Harty*), TC-MD No 110006D, WL 1196413 at *1 (Mar 30, 2011); *Rice v. Yamhill County Assessor*, TC-MD No 010854D, WL 101279D (Aug 13, 2001). ORS 305.288(1)(a) is applicable to properties that were used "primarily as a dwelling" "[f]or the tax year" in dispute. Plaintiffs stated that their dwelling structure was destroyed on October 8, 2008, and was not rebuilt. (Ptfs' Compl at 2.) Therefore, Plaintiffs' property was not used primarily as their dwelling.

The court may have jurisdiction under ORS 305.288(3) if Plaintiffs show "good and sufficient cause" for their failure to timely pursue an appeal with BOPTA. *Harty*, WL 1196413 at *1. ORS 305.288(5)(b) states that the term "good and sufficient cause":

> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
>
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Plaintiffs were granted an opportunity by the court to respond to Defendant's Motion and Plaintiffs submitted a response. Plaintiffs' response did not state why they failed to pursue an

---

[2] All references to Oregon Revised Statutes (ORS) are to 2009.

appeal to BOTPA for the 2010-11 tax year. (Ptfs' resp at 1-2.) Plaintiffs stated that their home was "destroyed in 2008." (Ptfs' resp at 1.) Plaintiffs did not explain what "extraordinary circumstance * * * beyond [their] control" caused them to "fail to pursue their statutory right of appeal" for the 2010-11 tax year. ORS 305.288(3).

Plaintiffs did not timely appeal the 2010-11 tax year to BOPTA as required by ORS 309.100, nor do they meet the statutory requirements of ORS 305.288. Accordingly, the court has no jurisdiction and must dismiss Plaintiffs' appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Dated this ___ day of July 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on July 31, 2012. The Court filed and entered this document on July 31, 2012.*